[Civ. No. 9992.   Third Dist.   May 3, 1961.]

MALERBI AND ASSOCIATES (a Corporation), Appellant,
v. EDWARD M. SEIVERT et al., Respondents.

Lawrence & Dormeyer and Rowland & Paras for Appellant.

Thomas W. Olson, Jr., for Respondents.

VAN DYKE, P. J.—This is an appeal from a judgment of dismissal entered after the appellant failed to amend its second amended complaint to which a demurrer had been sustained with leave to amend further.

Appellant brought action to recover damages for breach of an agreement to buy and sell real property. The document which it relies upon to evidence such a contract is pleaded in full. It is somewhat difficult to construe because the scrivener attempted to adapt a printed form ill-suited to the purpose. The form is headed ''Deposit Receipt,'' but there is typed in, in capital letters, the statement that ''This is an offer.'' The document continues: ''Sacramento, California, _____ 1958. Received from _____ the purchaser, the sum of _____ Dollars, . . . as a deposit on account of the purchase price of $122,500.00) . . . for the following described property in the . . . 130 ac M/L on the SE cor of Franklin & Sheldon Rds. Further described as the Seivert Ranch.'' There follows a statement of price and terms and the document then continues: ''180 days from the date of approval hereof by seller are allowed the purchaser to examine the title to the property and to report in writing any valid objections to the marketability thereof to the agent for the seller. If no such objections to title be reported the balance of purchase price payable in cash as above provided shall be paid by the purchaser to, and any papers given to secure the balance of said purchase price shall be deposited with Regional Realty [the name under which plaintiff conducted its corporate business], on or before Jan. 25, 1959, for account of the seller and the seller shall prior to said date deliver to said company a properly executed and acknowledged grant deed of the property, with instructions to deliver said deed pursuant to the provisions hereof.'' After stating further terms not essential here, the document continues as follows: ''Make deed to Regional Realty, Agent for the Buyer.'' At this point in the form there are spaces for the signature of the purchaser but no signature of or for the purchaser appears. Next there appears the following: ''Approval. Sacramento, California, _____ 1958. The seller hereby approves the foregoing contract and agrees to sell the property herein described upon the terms and conditions herein set forth, and agrees to pay on

demand to Regional Realty the sum of None Dollars for services rendered. . . . The seller hereby acknowledges receipt of a copy hereof. [Signed] E. M. Seivert, Seller. Hilda S. Seivert, Seller.''

As an enforceable contract to buy and sell real estate the document is inadequate. It completely fails to identify the buyer or buyers.

''A contract for the purchase and sale of real property is required to name the parties thereto with reasonable certainty. It must identify, by name or description, the parties to the transaction, a seller and a buyer, and show within itself who is the seller and who is the buyer. Where the instrument does not name or identify the purchaser, it is inchoate and may be held to be no more than a preliminary step in the ultimate transaction contemplated by the parties.'' (50 Cal. Jur.2d, Vendor and Purchaser, § 28, p. 55.)

Nowhere in the document do the sellers agree to sell to plaintiff, and nowhere therein does the plaintiff agree to buy.

Appellant argues further that the document constituted an irrevocable option given for a consideration and granting to plaintiff 180 days in which to accept the offer. If we assume that such is the nature of the document it does not advantage plaintiff. Such a contract, if the subject matter thereof be the purchase and sale of real property, is required to be in a writing sufficient in form and substance to meet the test of the statute. Considered as an option, this document fails to do that. It does not name or identify the optionee. Specifically, it fails to name or to describe plaintiff as the optionee.

''An option given for a consideration or under seal is binding and irrevocable for the period specified in it. It operates as an irrevocable offer. It creates in the holder a power of acceptance as in the case of other offers; but it differs from them in that it also creates in the holder a right that the option-giver shall not revoke, a right that he shall not convey the property to any other person, and a right that he shall convey to the option-holder on fulfillment of the specified conditions. If the option-giver repudiates the option, an action lies for anticipatory breach. If a wrongful conveyance is made to a third person who has notice of the option, the holder can compel him to surrender the property by giving notice of acceptance and performing the other conditions specified in the agreement. It is clear from all this that the binding

option is a conditional contract for the future conveyance of land.'' (2 Corbin on Contracts, § 417, p. 439.)

The question of whether or not the pleaded contract meets the test of the statute of frauds may be posed by a general demurrer.

''Whenever it appears on the face of a complaint that the contract sued on is within the operation of the statute of frauds, and that it does not meet the requirements of the statute, advantage of the invalidity of the contract may appropriately be taken by demurring generally or specially.'' (23 Cal.Jur.2d, Frauds, Statute of, § 150, p. 440. See also 2 Corbin on Contracts, § 318, p. 143.)

Since the complaint failed to state a cause of action in view of the application of the statute of frauds, the trial court properly sustained the defendant's demurrer to the complaint, and having extended the right of further amendment, and the right having been rejected, the judgment appealed from was proper.

The judgment is affirmed.

Peek, J., and Schottky, J., concurred.