Filed 6/6/16  Dahlin v. Bank of America CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JULIE DAHLIN, | D067955 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2014-00082352-CU-BC-CTL) |
| BANK OF AMERICA, et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County,

Timothy B. Taylor, Judge.  Affirmed in part, reversed in part.

Janis L. Turner Law Offices and Janis L. Turner for Plaintiff and Appellant.

Reed Smith, Michael Gerst, Elena Gekker, and Kasey J. Curtis for Defendants and

Respondents.

Plaintiff and appellant Julie Dahlin took out a loan to refinance her home in 2004.

In early 2011, Dahlin received a notice of default of the loan.  Dahlin subsequently filed

this action alleging, among others, causes of action for breach of contract, fraud, violation

of statute and declaratory relief.

Dahlin appeals a judgment of dismissal entered after the trial court sustained, without leave to amend, a demurrer brought by defendants Bank of America, et al. (Bank of America) against Dahlin's second amended complaint (SAC).  Dahlin contends: (1) the demurrer did not meet the requirements of Code of Civil Procedure section 430.60, (2) the complaint alleges facts sufficient to sustain the alleged causes of action, and (3) the court erred by not granting leave to amend.  We affirm the judgment of dismissal of Dahlin's SAC without leave to amend with respect to the fraud, violation of statute and declaratory relief causes of action but reverse as to the breach of contract cause of action.

### FACTUAL AND PROCEDURAL BACKGROUND

Because this appeal arises from the sustaining of a demurrer, we summarize the underlying facts stated in the SAC, accepting as true the properly pleaded factual allegations and judicially noticed facts.  (See *Debrunner v. Deutsche Bank National Trust Co.* (2012) 204 Cal.App.4th 433, 435-436.)

### Factual Allegations in Dahlin's SAC

In 2004, Dahlin took out a loan for $265,000 to refinance her home.  Thereafter, Dahlin made timely payments each month on the mortgage.  In January 2009, Countrywide, the loan servicer, contacted Dahlin and offered her a loan modification to lower her interest rate and monthly payments.  Dahlin agreed and Countrywide sent her a loan modification agreement, which she promptly signed and returned to Countrywide.  Countrywide completed execution of the agreement and subsequently confirmed the payment instructions for the modified loan over the phone and in writing.  In the

2

following months, Dahlin made the required payment each and every month as required under the modified loan.

Bank of America acquired Countrywide and, in May 2009, a representative of Bank of America called Dahlin to inquire about late payments. After Dahlin informed the representative she had been making her payments, the representative confirmed she could see Dahlin was making the payments but written notes regarding the loan modification appeared in the wrong place and information regarding the lower payment amount had not been properly updated in the computer. Despite mailing her payment each month, Dahlin continued to receive calls from Bank of America inquiring when she would make up the difference in her payments. Each time, after Dahlin explained the situation, the representative would confirm the modification appeared in the computer and the problem would be fixed.

In January 2011, Bank of America sent Dahlin a notice stating they could not accept her December 2010 payment because it was for the wrong amount and, shortly thereafter, sent Dahlin a notice of default and a notice of trustee sale. In November 2011, Bank of America filed a new notice of trustee sale and, in June 2012, Dahlin filed a lawsuit to stop foreclosure. Dahlin and Bank of America then entered into a settlement whereby Bank of America would grant a new loan modification. Bank of America provided documentation to Dahlin to provide necessary information to Bank of America's loan modification department and, after some delay, she returned the documentation in May 2013. From there on, Dahlin did not have any contact with Bank of America until a notice of trustee sale was posted in December 2013. On December 31, 2013, Dahlin

3

received a letter from a customer relationship manager at Bank of America informing Dahlin that she would be her dedicated single point of contact concerning the foreclosure process.

### Dahlin's Complaints and Bank of America's Demurrers

Dahlin filed her original complaint in the present case on January 7, 2014, asserting the following causes of action: (1) breach of contract; (2) breach of covenant; (3) fraud; (4) violation of statute; (5) quiet title; (6) specific performance; and (7) declaratory relief. Bank of America demurred and the court sustained the demurrer with leave to amend, noting key portions of the complaint were unintelligible and instructing Dahlin's counsel to proofread her future submissions to the court. In response, Dahlin filed a first amended complaint (FAC)—a redlined version of the original complaint which added a number of factual allegations and contentions. Bank of America demurred again, and the court again sustained the demurrer, this time instructing Dahlin's counsel to carefully read two cases cited by the court and to file a focused, carefully drafted SAC that did not contain redlines or strikeouts.

Dahlin filed her SAC, incorrectly titled third amended complaint, on November 17, 2014 and, despite the court's instruction, it still contained redlines and strikeouts. The SAC made additional factual assertions, including that Dahlin made all payments under the original loan modification until Bank of America breached the agreement by refusing to accept her payment and foreclosing on the property, and deleted the causes of action for breach of covenant, quiet title, and specific performance. The

4

remaining causes of action in the SAC were: (1) breach of contract, (2) fraud, (3) violation of statute, and (4) declaratory relief.

Bank of America demurred to all four causes of action and argued: (1) Dahlin failed to present facts sufficient to state a claim for breach of contract, fraud, violation of statute or declaratory relief, (2) Dahlin's breach of contract claim was barred by the statute of frauds; (3) Dahlin's fraud claim was time-barred; (4) Dahlin added a statute to her violation of statute cause of action without leave to do so; and (5) the court should not give Dahlin additional leave to amend.[1] The court sustained the demurrer without leave to amend, explaining Dahlin still did not plead the elements of breach of contract or violation of statute, Dahlin did not plead fraud with the requisite specificity, and, because Dahlin failed to plead the other causes of action, no actual controversy existed between the parties to support declaratory relief. In denying leave to amend, the court explained Dahlin's pleadings indicated she was unable to state a valid cause of action.

## DISCUSSION

On appeal, Dahlin argues (1) the demurrer did not meet the requirements of Code of Civil Procedure section 430.60, (2) the complaint alleges facts sufficient to sustain the alleged causes of action, and (3) the court erred by not granting leave to amend. We conclude the demurrer meets the requirements of Code of Civil Procedure section 430.60 and the court properly dismissed the causes of action for fraud, violation of statute and

[1] Bank of America also asked the court to take judicial notice of two recorded documents: (1) a deed of trust, dated September 16, 2004 related to the property at issue and (2) a substitution of trustee, dated January 20, 2011. The court granted Bank of America's request.

declaratory relief without leave to amend, but the SAC does plead facts sufficient to sustain a cause of action for breach of contract.

I

*STANDARD OF REVIEW*

We review a judgment of dismissal based on an order sustaining a demurrer de novo, exercising our own independent judgment to determine whether the complaint states sufficient facts to constitute a cause of action or a right to the relief requested. (*Los Altos El Granada Investors v. City of Capitola* (2006) 139 Cal.App.4th 629, 650; *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) We read the pleading as a whole and assume the truth of the facts properly pleaded by the plaintiff, as well as those that are judicially noticeable. (*Ibid*.) We also consider evidentiary facts found in exhibits attached to a pleading (*Frantz v. Blackwell* (1987) 189 Cal.App.3d 91, 94), and facts found in any attached written instrument control over inconsistent allegations made in the pleadings. (*Fundin v. Chicago Pneumatic Tool Co.* (1984) 152 Cal.App.3d 951, 955.) However, we do not admit plaintiff's contentions, deductions or conclusions of law or fact. (*Blank, supra,* at p. 318.)

We may affirm the judgment on any ground apparent from the record, regardless of the grounds upon which the trial court sustained the demurrer. (*Carman v. Alvord* (1982) 31 Cal.3d 318, 324; *Blue Chip Enterprises, Inc. v. Brentwood Savings & Loan Assn.* (1977) 71 Cal.App.3d 706, 712.)

6

II

*BANK OF AMERICA'S DEMURRER MEETS THE REQUIREMENTS*
*OF CODE OF CIVIL PROCEDURE SECTION 430.60*

Dahlin argues the "Notice" here is deficient under Code of Civil Procedure section 430.60 because it fails to distinctly specify the grounds upon which Bank of America bases its objections and, because counsel represents multiple parties, it is unclear on whose behalf the demurrer is brought. We disagree.

Code of Civil Procedure section 430.60 states, in its entirety: "A demurrer shall distinctly specify the grounds upon which any of the objections to the complaint, cross-complaint, or answer are taken. Unless it does so, it may be disregarded." The SAC names "Bank of America, as successor in interest to [Countrywide and a number of other financial institutions] and DOES 1 through 25" as defendants. The demurrer expressly states it was filed on behalf of "Bank of America, N.A., as successor by merger to [the correct Countrywide entity and the remaining named financial institutions]." With respect to the grounds upon which Bank of America bases its demurrer, the memorandum of points and authorities in support of the demurrer lays out Bank of America's legal arguments, specifying each separate ground for the demurrer. Dahlin appears to argue the notice of the demurrer itself, as opposed to the accompanying memorandum of points and authorities, lacks sufficient detail but the notice expressly and properly relies upon the memorandum. We therefore conclude the demurrer meets the requirements of Code of Civil Procedure section 430.60.

7

# III

## SPECIFIC CAUSES OF ACTION

We turn next to the substantive arguments regarding each alleged cause of action to which Bank of America demurs.

### A. Dahlin Does Plead Facts Sufficient to State a Claim for Breach of Contract

The first cause of action in the SAC is breach of contract. In order to state a claim for breach of contract, the plaintiff must allege: (1) the existence of a contract; (2) plaintiff's performance or excuse for nonperformance; (3) breach; and (4) that the breach caused the plaintiff harm. (*Wall Street Network Ltd. v. New York Times Co.* (2008) 164 Cal.App.4th 1171, 1178.)

Here, Dahlin discusses two contracts, the 2009 loan modification agreement and a later loan modification proposed by Bank of America in 2012 in response to Dahlin's previous lawsuit. With respect to the 2012 loan modification proposal, the SAC does not contain factual allegations establishing the existence of a written agreement between the parties, Dahlin's performance of her obligations under any such agreement, or specific factual allegations regarding Bank of America's breach of any such agreement. As such, we agree that Dahlin has not plead facts sufficient to state a cause of action for breach of contract with respect to the 2012 loan modification proposal. However, with respect to the allegations concerning breach of the 2009 loan modification agreement, we conclude the SAC has sufficiently pled the elements of a breach of contract cause of action.

The SAC alleges Dahlin and Countrywide, a predecessor to Bank of America, entered into a written loan modification agreement, Dahlin performed under the

agreement by submitting the required payments each month, Bank of America breached by refusing to accept her payments and foreclosing, and Dahlin was damaged as a result. In sustaining the demurrer, the court explained conclusory allegations of breach are insufficient to state a cause of action and pointed to language in the SAC alleging "defendants 'either directly or indirectly' breached the contract, 'through the actions of others' by either 'refusing to perform its conditions or transferring the loan.' " While we agree this conclusory language is insufficient to support a cause of action for breach of contract, the SAC also includes specific factual allegations regarding the breach; the SAC alleges Dahlin made all required payments until Bank of America "unilaterally breached the contract by its refusal to accept payments and its foreclosure on the property." This language, along with the other factual allegations in the SAC, is not merely conclusory and is sufficient to support a cause of action for breach of contract.

Bank of America also argues the demurrer is proper because the 2009 loan modification agreement attached to the SAC is not sufficient to satisfy the statute of fraud, and the trial court noted, in sustaining the demurrer, the attached 2009 loan modification agreement is incomplete, Dahlin's signature and the date are unclear, and the agreement is not signed by defendants. The court properly sustains a demurrer when the complaint establishes on its face the allegedly breached agreement is subject to the statute of frauds and the agreement does not satisfy the statute of frauds. (*Malerbi & Associates v. Seivert* (1961) 191 Cal.App.2d 760, 763; *Parker v. Solomon* (1959) 171 Cal.App.2d 125, 136.) Here, the SAC does not establish on its face the agreement does not satisfy the

9

statute of frauds and, instead, includes factual allegations sufficient to establish the existence of a fully executed written agreement.

Dahlin alleges she signed the agreement and sent it back to the bank, and the bank thereafter completed execution and acknowledged the existence of the contract on several occasions. The document Dahlin sent back to the bank, with her signature alone, is attached to the SAC as Exhibit G. While the document is not signed by the bank and does appear to be missing one or two pages, the SAC asserts the bank executed the agreement as well and the included pages establish the existence of a contract—a loan modification agreement between Dahlin and Countrywide Home Loan Servicing LLP; Dahlin's main obligation under that contract—a monthly payment beginning on March 1, 2009, in the amount of $1,234.46 and not subject to change until March 2010; and, the obligations in the deed of trust that Bank of America allegedly breached. Specifically regarding Bank of America's obligations, section 9 of the 2009 loan modification agreement states "[e]xcept as otherwise specifically provided in this Agreement, the Note and [deed of trust] will remain unchanged, and . . . the Lender will be bound by, and comply with, all terms and provisions thereof." At Bank of America's request, the court took judicial notice of the deed of trust, which indicates Bank of America had the right to accelerate if Dahlin defaulted on the loan, which the SAC asserts Dahlin did not do.

Bank of America also argues the breach of contract claim is time-barred on its face because a Bank of America representative first contacted Dahlin in May 2009 regarding deficiencies in her loan and Dahlin did not file her initial complaint until January 2014, after the four-year statute of limitations for breach of contract had run. Where a demurrer

10

raises the bar of the applicable statute of limitations, the defect must be clear on the face of the document; it is not enough that the action *may* be time-barred based on the allegations. (*E-Fab, Inc. v. Accountants, Inc. Services* (2007) 153 Cal.App.4th 1308, 1315-1316.) Here, in May 2009, the representative assured Dahlin the only problem was with Bank of America's computer system, and not Dahlin's loan. The SAC does not allege a breach occurred in 2009, but rather in 2011 when Bank of America refused Dahlin's payment and proceeded with foreclosure. Thus, there is no statute of limitations defect clear on the face of the SAC.

We therefore conclude the SAC taken as a whole, along with the attachments and judicially noticed documents, pleads facts sufficient to state a cause of action for breach of contract.

### B. Dahlin Does Not Plead Facts Sufficient to State a Claim for Fraud

The second cause of action in the SAC is fraud. Fraud remains one of the causes of action with a heightened pleading standard, requiring a plaintiff to set forth specifically how, when, where, to whom and by what means the defendant made the underlying false representations. (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 645 (*Lazar*).) The court does not invoke the typical policy of liberally construing pleadings against a demurrer to sustain a fraud cause of action where the complaint fails to set forth such specific allegations. (*Ibid.*) Thus, "every element of the cause of action for fraud must be alleged in full, factually and specifically." (*Wilhelm v. Pray* (1986) 186 Cal.App.3d 1324, 1331.) To state a fraud cause of action, Dahlin must adequately allege (1) a

11

misrepresentation as to a material fact; (2) knowledge of its falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. (See *Lazar, supra*, at p. 638.)

Dahlin fails to meet the heightened pleading standard for fraud. First, the SAC does not specify who made which misrepresentations with knowledge of falsity or which misrepresentations Dahlin relied on to her detriment. The SAC references statements made by several different Bank of America employees in the background section and under the fraud cause of action and then alleges, "Defendant knew that these representations were false or made them with reckless disregard for their truth or falsity," and "they" knew or should have known "they" planned to transfer the loan to someone that would not honor it, apparently referring to the statements made by Countrywide representatives regarding the 2009 loan modification. These allegations are primarily a formulaic recitation of the elements of a fraud cause of action and do not meet the heightened pleading requirements. (See *Lazar, supra*, 12 Cal.4th at p. 645.) Further, the SAC contains no factual allegations supporting the conclusory assertion Countrywide, or any of its individual employees, somehow knew it would later transfer the 2009 loan modification agreement to Bank of America and Bank of America would subsequently fail to perform under the agreement. Finally, the SAC notes the employees Dahlin spoke with were different and often would not give their names but this does not exempt Dahlin from the requirement to plead fraud with specificity. Dahlin could have used descriptions or DOES to identify the individuals even if she did not know their given names. Based on the foregoing, we conclude the court properly sustained the demurrer as to the fraud cause of action.

12

Bank of America also asserts the cause of action for fraud is time-barred. As we find the court properly sustained the demurrer with respect to Dahlin's cause of action for fraud, we need not address whether the statute of limitations also bars the claim.

C. Dahlin Does Not Plead Facts Sufficient to State a Claim for Violation of Statute

The third cause of action in the SAC is violation of statutes. The SAC references Civil Code[2] sections 2923.5, 2923.55, 2923.6 and 2923.7 but fails to allege facts establishing a violation of any of these statutes.

Sections 2923.5 and 2923.55 require a loan servicer to contact the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure at least 30 days before filing a notice of default. They do not require the lender to modify the loan. (*Stebley v. Litton Loan Servicing, LLP* (2011) 202 Cal.App.4th 522, 526.) As of January 1, 2013, section 2923.6 requires loan servicers to offer borrowers any workout plan or loan modification that is consistent with the servicer's contractual or actual authority before recording a notice of default or notice of sale or conducting a trustee's sale. Also as of January 1, 2013, section 2923.7 requires the mortgage servicer to establish a single point of contact for borrowers who request a foreclosure prevention alternative.

Here, the SAC does not sufficiently allege a violation of sections 2923.5, 2923.55, 2923.6 or 2923.7. The SAC first asserts Bank of America was obligated to contact Dahlin to assess her finances and explore foreclosure avoidance options and "Defendant

---

[2]    Unless otherwise noted, all future statutory references are to the Civil Code.

13

has failed to abide by this Code requirement." This conclusory assertion does not establish a violation and, regardless, the SAC establishes on its face Bank of America did contact Dahlin regarding a second loan modification sometime between June 2012 and May 2013. The SAC next alleges Bank of America violated "the statute . . . because they did not handle the modification in good faith in that they negotiated it knowing or likely knew that the modification was in place and executed a plan to transfer the loan to another lender to escape the requirements of the Code." Such assertions, which appear to relate to the negotiation of the original loan modification in 2009, cannot support a cause of action for violation of sections 2923.6 or 2923.7 because they were not in effect before 2013. (See *Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1056.) Further, sections 2923.5, 2923.55, 2923.6 and 2923.7 relate to a process by which banks are to explore foreclosure avoidance and do not address the loan servicer's performance, or lack thereof, under a fully executed loan modification agreement. Finally, the SAC asserts Bank of America refused or was unable to connect plaintiff with the designated contact in violation of its statutory obligations. However, the SAC also acknowledges Bank of America subsequently provided a new contact and includes a letter designating such an individual which appears on its face to comply with the statute.

The SAC does not include factual assertions sufficient to establish how Bank of America allegedly violated any of the cited statutes and, instead, shows on its face that Bank of America met the referenced statutory obligations. As such, the SAC fails to plead facts sufficient to state a cause of action related to the violation of any statute.

D. Dahlin Does Not Plead Facts Sufficient to State a Claim for Declaratory Relief

The fourth and final cause of action in the SAC is declaratory relief. A party to a written instrument or contract may seek a declaration of his or her rights or duties where an actual controversy involving justiciable questions as to such rights or duties exists between the parties. (Code Civ. Proc., § 1060.) A complaint for declaratory relief must set forth facts establishing such an actual controversy and must request the court adjudicate the rights and duties of the parties under dispute. (*Columbia Pictures Corp. v. DeToth* (1945) 26 Cal.2d 753, 760.) Declaratory judgment is proper where it serves some practical end in stabilizing an uncertain or disputed legal relationship between the parties, such as serving to guide the future conduct of the parties. (*Meyer v. Sprint Spectrum L.P.* (2009) 45 Cal.4th 634, 647.)

Here, the trial court found no actual controversy existed between the parties because the other causes of action failed. As we have established, the SAC does plead facts sufficient to establish a cause of action for breach of contract such that there is an actual controversy between the parties. However, we conclude the allegations in the SAC are nevertheless insufficient to support a cause of action for declaratory relief.

The SAC alleges a dispute has arisen "as to the duties and obligations of the respective parties with regard to the loan and/or foreclosure," the dispute concerns "the ownership and/or rights under the loan modification and or [sic] settlements entered into between Plaintiff and Defendants and their principals together with the obligation of Defendant pursuant to Civil Code § 2827.4 et seq.," and "a declaration of rights and duties of the parties herein by the court is essential to determine the actual status and

15

validity of the loan and any rights duties and/or obligations as to the enforcement of it."
Neither the cause of action for declaratory relief nor the prayer for relief request a declaration regarding any particular question pertaining to the rights or duties of the parties with respect to any underlying agreement. The SAC therefore does not establish what declaratory relief Dahlin seeks, what future rights or obligations Dahlin is asking the court to address, or whether the requested relief relates to the actual controversy surrounding the alleged breach of the 2009 loan modification agreement. Further, to the extent the SAC seeks to have the court determine whether Bank of America has already breached the 2009 loan modification agreement, declaratory relief is not necessary. (See *Osseous Technology of America, Inc. v. DiscoveryOrtho Partners* LLC (2010) 191 Cal.App.4th 357, 366 [no basis for declaratory relief where only past wrongs are involved]; 5 Witkin, Cal. Procedure (2016 supp.) Pleading, § 869, p. 21.) As such, we affirm the trial court's sustaining of the demurrer with respect to the cause of action for declaratory relief.

### E. Breach of Covenant, Quiet Title and Specific Performance

Finally, Dahlin presents arguments regarding causes of action for breach of covenant, quiet title and specific performance, none of which are asserted in the SAC. When a plaintiff amends their complaint after the court sustains a demurrer with leave to amend, the plaintiff waives their right to challenge the validity of the ruling on that demurrer. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966, fn. 2.)

Here, Dahlin previously asserted breach of covenant, quiet title and specific performance causes of action in her original complaint and FAC, but the court sustained

16

demurrers to both, and Dahlin subsequently deleted these causes of action from the SAC. Bank of America therefore did not demur with respect to these causes of action, Dahlin did not raise them in her opposition to the demurrer, and the court did not address them in its order sustaining the demurrer. Dahlin cannot now resurrect these claims on appeal and, even if she could, the SAC, having been stripped of the allegations concerning these causes of action, does not include factual allegations sufficient to state a claim for breach of covenant, quiet title or specific performance.

## VI

### *LEAVE TO AMEND*

The trial court has abused its discretion if it sustains a demurrer without leave to amend where there is a reasonable possibility the defect can be cured by amendment. (*Grinzi v. San Diego Hospice Corp.* (2004) 120 Cal.App.4th 72, 78.) On appeal, the burden is on the plaintiff to demonstrate how he or she could amend the complaint in order to avoid dismissal. (*Hendy v. Losse* (1991) 54 Cal.3d 723, 742 (*Hendy*).)

Dahlin had not one but two chances to amend her complaint prior to the demurrer from which she now appeals. The trial court even offered suggestions as to how Dahlin might do so. On appeal, Dahlin makes a generalized argument regarding leave to amend but does not describe any new or more specific facts, or explain how any new or more specific facts would allow her to cure the defects in her complaint. As such, we do not find the court abused its discretion in refusing Dahlin leave to amend her complaint. (*Hendy, supra,* 54 Cal.3d at p. 742.)

17

DISPOSITION

The judgment of dismissal is reversed.  This matter is remanded to the trial court with instructions to enter a new order denying the demurrer as to the breach of contract cause of action.  The court's order sustaining the demurrer to the causes of action for fraud, violation of statute and declaratory relief without leave to amend is affirmed.  The parties are to bear their own costs on appeal.


_____

HUFFMAN, J.

WE CONCUR:


_____

McCONNELL, P. J.


_____

O'ROURKE, J.