Filed 11/18/25  Vahmi v. Wilmington Savings Fund Society CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| KASRA VAHMI et al., | B331052 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 22SMCV01184) |
| v. | |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daniel M. Crowley, Judge.  Affirmed.

Jeremy A. Cook for Plaintiffs and Appellants.

Wright, Finlay & Zak, Lukasz I. Wozniak and Jonathan D. Fink for Defendant and Respondent.

————————————

# INTRODUCTION

Kasra Vahmi and Bersadeh Bagheri (together, Appellants) sued Wilmington Savings Fund Society, FSB (Wilmington) for quiet title of the "right to possess[]" and the "option to purchase" their longtime home in Los Angeles. The trial court sustained Wilmington's demurrer to the complaint because the issues raised and relief requested were already decided by a prior unlawful detainer judgment Wilmington obtained against Appellants. The court gave Appellants leave to amend to allege causes of action unrelated to the unlawful detainer judgment. After Appellants filed a first amended complaint (FAC) realleging an oral option to purchase the property, the trial court sustained the demurrer without leave to amend because the FAC continued to allege issues previously decided in the unlawful detainer action. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *The Complaint*

In July 2022, Appellants filed in propria persona an action for quiet title against Wilmington, seeking declaratory and injunctive relief. Appellants alleged they had been tenants of a house on Roscomare Road in Los Angeles since May 2006, after they "temporarily sold" the property to Mia Jeong. Appellants alleged they "held an oral life tenancy with Jeong . . . , including an option to repurchase the premises later," and that they paid monthly rent of $3,500. In 2018, the property entered foreclosure, and Wilmington became the title owner. In 2020, Wilmington filed an unlawful detainer action against Appellants,

2

which proceeded to a jury trial and resulted in a judgment for Wilmington in April 2022.[1]

Appellants' July 2022 complaint against Wilmington alleged they were "bona fide tenants" under the federal Protecting Tenants at Foreclosure Act of 2009 (PTFA) (Pub.L. 111-22, Div. A., tit. VII, §§ 702-704, May 20, 2009, 123 Stat. 1660) and that Wilmington "holds title subject to [Appellants'] right to remain in possession as established by the PTFA, and to [Appellants'] option to purchase the premises." Appellants requested a judicial determination "whether they are entitled to the PTFA protections" and regarding "their option to repurchase the premises," and they further sought "a temporary restraining order to stop the imminent lockout based upon the [unlawful detainer] judgment."

Wilmington filed a demurrer arguing that the court could not grant relief on the complaint without interfering with the unlawful detainer judgment. In support, Wilmington requested judicial notice of the 2022 judgment entered on Wilmington's unlawful detainer action, including the jury's special verdict finding that Appellants leased the property from Jeong for rent "that was . . . substantially less [than] fair market rent for the premises," meaning Appellants were not bona fide tenants for purposes of the PTFA. (See *Nativi v. Deutsche Bank National Trust Co.* (2014) 223 Cal.App.4th 261, 275 (*Nativi*) [PTFA provides "protections for bona fide tenants of foreclosed properties," and "'a lease or tenancy shall be considered bona fide only if . . . [it] requires the receipt of rent that is not substantially

---

[1] Wilmington had filed a previous unlawful detainer action, which was dismissed in March 2020.

3

less than fair market rent for the property'"].) Wilmington stated, however, that Appellants were appealing the unlawful detainer judgment. Wilmington's demurrer separately argued that Appellants' alleged option to purchase the property was barred by the statute of frauds because it was an oral agreement, not a signed writing.

After a hearing, the trial court sustained the demurrer in part. The court sustained Wilmington's unopposed motion for judicial notice of the unlawful detainer judgment. The court observed that in the unlawful detainer proceedings, Appellants "argued they had the right to possess the subject property as bona fide tenants under the [PTFA]" and Appellants' "claims were rejected by the Court and the jury." The court stated that the complaint "improperly asks the Court to enjoin, restrain, or otherwise interfere with the superior court's determination of [Appellants'] right to possession" in the unlawful detainer action. The court opined that "the only reason the instant action is not barred by the doctrines of res judicata and collateral estoppel is the pendency of [Appellants'] appeal" of the unlawful detainer judgment.

The court sustained the demurrer "without leave to amend as to [Appellants'] claims concerning possession of the property." The court noted, however, that Appellants requested "leave to amend to assert causes of action against [Wilmington] regarding the claim that they have a valid contract which gives them an option to purchase the subject property." The court granted leave to amend on this basis because "the issue regarding their purported option to purchase the property was not raised or litigated in the unlawful detainer action."

4

B.    *The First Amended Complaint*

Through counsel, Appellants filed a FAC alleging causes of action for quiet title, declaratory and injunctive relief, and breach of contract.  In their quiet title cause of action, Appellants alleged that "Wilmington holds title subject to Vahmi and Bagheri's right to repurchase the premises, to which Wilmington is bound under the PTFA," and they requested the court "determine their interests as bona fide tenants entitled to repurchase the premises."  Appellants requested declaratory relief "as to Vahmi and Bagheri's rights under the PTFA and their option to repurchase."  Appellants alleged entitlement to injunctive relief against the lockout and sale of the property "because they are bona fide tenants under the PTFA" and "Wilmington, by the imminent lockout of [Appellants] from the premises and sale of the property, is attempting to violate [their] rights under the PTFA."  Finally, Appellants alleged breach of contract based on "the right to repurchase as elaborated upon above."

Wilmington again demurred, arguing the FAC "asks the Court to interfere with the orders of the unlawful detainer court" and that any option to purchase was unenforceable as a matter of law under the statute of frauds.  Wilmington also moved for judicial notice of certain recorded deeds to the property.

After a hearing, the trial court sustained the demurrer to the FAC, without leave to amend.  As with the original complaint, the court concluded the FAC "would require the Court to overturn or ignore the verdict reached by the jury in the [unlawful detainer] action."  The court observed the amended complaint "acknowledges [Appellants'] claim to a right to purchase the property stems from their status as bona fide tenants under the PTFA," "seeks to relitigate [Appellants'] status

5

as bona fide [tenants] under the PTFA," and "attacks the validity of the jury verdict" reached in the unlawful detainer action.

The court observed that, "[t]he existence of a valid purchase option may entitle [Appellants] to restrain any further sale of the property, but would not give [them] the right to occupy the property in contravention of the judgment on possession entered in the [unlawful detainer] action." For this reason, the court determined "[t]he relief sought by [Appellants] goes beyond the scope of any claimed right to purchase the property and instead seeks to collaterally attack the verdict and rulings on the issue of possession in the [unlawful detainer] action." The court dismissed the FAC with prejudice and entered judgment for Wilmington.

Appellants timely appealed.

## DISCUSSION

### A.      *Governing Law and Standard of Review*

"'Because a demurrer both tests the legal sufficiency of the complaint and involves the trial court's discretion, an appellate court employs two separate standards of review on appeal. [Citation.] . . . Appellate courts first review the complaint de novo to determine whether or not the [] complaint alleges facts sufficient to state a cause of action under any legal theory, [citation], or in other words, to determine whether or not the trial court erroneously sustained the demurrer as a matter of law.'" (*Total Call Internat., Inc. v. Peerless Ins. Co.* (2010) 181 Cal.App.4th 161,166 (*Total Call*); accord, *Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 879 (*Cantu*).) "'We give the complaint a reasonable interpretation, reading it as a whole and its parts in their context'" (*County of Santa Clara v. Superior*

6

*Court* (2023) 14 Cal.5th 1034, 1041), and we "assume the truth of the complaint's properly pleaded or implied factual allegations." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 (*Schifando*).) We may "also consider judicially noticed matters." (*Id.* at p. 1081.) "A judgment of dismissal after a demurrer has been sustained without leave to amend will be affirmed if proper on any grounds stated in the demurrer, whether or not the court acted on that ground." (*Carman v. Alvord* (1982) 31 Cal.3d 318, 324; accord, *Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.)

"'Second, if a trial court sustains a demurrer without leave to amend, appellate courts determine whether or not the plaintiff could amend the complaint to state a cause of action.'" (*Total Call*, *supra*, 181 Cal.App.4th at p. 166; accord, *Cantu*, *supra*, 4 Cal.App.4th at pp. 889-890.) In this context, "we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment. [Citation.] If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred. [Citation.] The plaintiff has the burden of proving that an amendment would cure the defect." (*Schifando*, *supra*, 31 Cal.4th at p. 1081.) "To meet this burden, a plaintiff must submit a proposed amended complaint or, on appeal, enumerate the facts and demonstrate how those facts establish a cause of action." (*Cantu*, at p. 890.)

B.     *Issue Preclusion Does Not Apply Because the Unlawful Detainer Judgment Was Reversed on Appeal*
Appellants contend the trial court erroneously sustained Wilmington's demurrer to the FAC. Specifically, they argue the

7

trial court determined "that Appellants' status as bona fide [tenants] under the PTFA was litigated in the unlawful detainer case, . . . [where] the jury found that the rent was substantially less than fair market value, disqualifying Appellants as bona fide [tenants]." Appellants argue that "this jury verdict was set aside by the Appellate Division and is no longer in effect," "thus Appellants should have the right to go forward on their First Amended Complaint."[2]

In September 2024, after the trial court's ruling sustaining the demurrer without leave to amend, the appellate division of the superior court reversed the unlawful detainer judgment against Appellants. In that appeal, Appellants argued "they were deprived of their right to a jury trial," "the court prejudicially misinstructed the jury on their defense that the eviction violated the [PTFA]," and "the court erred in instructing the jury regarding service of the 90-day eviction notice." The appellate division "reject[ed] the first two contentions, but agree[d] with the third." The court specifically concluded "[t]here was no instructional error" as to Appellants' PTFA defense. But the

_____

[2] Appellants and Wilmington move for judicial notice of the Appellate Division opinion reversing the unlawful detainer judgment. Appellants also request judicial notice of the associated appellate appendix and the reporter's transcript of the underlying trial. We grant these motions. (See Evid. Code, §§ 452, subd. (d) [judicial notice may be taken of "[r]ecords of . . . any court of this state"], 459; see also *People v. Hill* (1998) 17 Cal.4th 800, 847, fn. 9 [an "appellate opinion . . . falls within the category of the '[r]ecords of . . . any court of this state'; accordingly, we may take judicial notice of such records"], overruled on a different ground by *Price v. Superior Court* (2001) 25 Cal.4th 1046, 1069 & fn. 13.)

8

court held that "given the prejudicial instructional error which occurred regarding service of the eviction notice, the judgment is reversed."

Wilmington contends that, despite this reversal, Appellants remain barred from relitigating the jury's PTFA finding and thus the trial court properly dismissed Appellants' complaint. Wilmington asserts that "the appellate [o]pinion actually affirmed the jury's finding that . . . Appellants were not bona fide tenants under the PTFA" because "the Court reversed the judgment solely on [the] basis" of the instructional error regarding service of the eviction notice. According to Wilmington, "it is evident that the only issue that remains to be re-tried in the unlawful detainer proceeding is the issue of whether proper service of the eviction notice was made."

"The law of preclusion helps to ensure that a dispute resolved in one case is not relitigated in a later case." (*Samara v. Matar* (2018) 5 Cal.5th 322, 326.) Under the doctrine of issue preclusion, a party may not relitigate "issues argued and decided in a previous case, even if the second suit raises different causes of action." (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824.) "[I]ssue preclusion applies (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit." (*Id.* at p. 825.) "[A] final adjudication includes "'any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect.'"" (*Rodriguez v. Lawrence Equipment, Inc.* (2024) 106 Cal.App.5th 645, 658, italics omitted; accord, *Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 688.)

9

Here, Appellants' FAC asserted claims for quiet title and breach of contract based on "Vahmi and Bagheri's right to repurchase the premises, to which Wilmington is bound under the PTFA." Appellants previously litigated their rights under the PTFA in the unlawful detainer action, where the jury determined Appellants were unprotected by the PTFA because their rent was "substantially less [than] fair market rent for the premises."

The appellate division, however, issued an unqualified reversal of this judgment without directing any limitations on the retrial of the case. "The effect of an unqualified reversal is to leave the case 'at large' as if no judgment had ever been rendered." (*State Lands Com. v. Plains Pipeline, L.P.* (2020) 57 Cal.App.5th 582, 591; accord, *Apex LLC v. Korusfood.com* (2013) 222 Cal.App.4th 1010, 1015.) Because the parties are now ""in the same position as if the cause had never been tried"" (*Bevis v. Terrace View Partners, LP* (2019) 33 Cal.App.5th 230, 263), there is no final adjudication of Appellants' status under the PTFA and Appellants are not precluded from litigating this issue.

C. *The Trial Court Properly Sustained the Demurrer Without Leave To Amend Because the FAC Fails To State a Claim Under the Statute of Frauds, and Appellants Do Not Demonstrate a Reasonable Possibility They Could Cure the Defect*

Wilmington also argues that even if issue preclusion does not apply, affirmance is proper because the FAC fails to state a cause of action since Appellants have not alleged a legally cognizable option to purchase the property. The FAC alleges that Appellants had "an oral lease agreement tenancy with Jeong in about 2004, when Vahmi and Bagheri temporarily sold the

premises to Jeong, including an option to repurchase the premises later." Wilmington argues the alleged option is unenforceable under the statute of frauds because it "was not in writing and was not signed by Jeong; it was oral." Appellants did not file a reply brief responding to this argument. (See *Lee v. Kim* (2019) 41 Cal.App.5th 705, 721 ["our review is limited to those issues that have been adequately raised and supported in the appellant's brief" and "'it is not the appellate court's role to construct theories or arguments that would undermine the judgment'"].)

"The statute of frauds provides that any agreement for 'the sale of real property, or of an interest therein' is invalid unless it is 'in writing, subscribed by the party sought to be charged.' (Civ. Code, § 1624, subd. (a)(3).)." (*Smyth v. Berman* (2019) 31 Cal.App.5th 183, 197 (*Smyth*).) "In California an option to purchase real property has been held to come within the statute of frauds and so must be in writing." (*Pacific Southwest Development Corp. v. Western Pacific Railroad Co.* (1956) 47 Cal.2d 62, 66 (*Pacific Southwest*); accord, *Woods v. Bradford* (1967) 254 Cal.App.2d 501, 505.) "A demurrer may be sustained when an alleged contract falls 'within the statute of frauds and does not comply with its requirements.'" (*Westside Estate Agency, Inc. v. Randall* (2016) 6 Cal.App.5th 317, 323; accord, *Parker v. Solomon* (1959) 171 Cal.App.2d 125, 136.) Whether an agreement satisfies the statute of frauds is a question of law we review de novo. (See *Sterling v. Taylor* (2007) 40 Cal.4th 757, 772; *Westside Estate Agency, Inc.*, at p. 330.)

The FAC alleged Appellants had an "oral lease agreement" with Jeong, which included an oral option to purchase the property. Appellants' FAC alleged causes of action for quiet title,

11

declaratory relief, injunctive relief, and breach of contract, all premised on Appellants' purported "right to repurchase the premises" based on the oral option. But, as stated, an option to purchase real property plainly falls within the statute of frauds and must be in writing to be enforceable. (See *Pacific Southwest*, *supra*, 47 Cal.2d at p. 66.) The FAC does not allege any written option agreement between Appellants and Jeong, nor have Appellants asserted on appeal that if given leave to amend they could allege any facts regarding the existence of a written option agreement. (See *Smyth*, *supra*, 31 Cal.App.5th at p. 199 [affirming sustaining of demurrer without leave to amend of complaint alleging a right of first refusal, where the "allegations set forth . . . do not satisfy the[] requirements" of the statute of frauds]; *Malerbi & Associates v. Seivert* (1961) 191 Cal.App.2d 760, 763 [same, where complaint alleged option to purchase].)

The FAC also does not allege any facts supporting an exception to the statute of frauds, such as equitable estoppel or part performance. (See *In re Marriage of Benson* (2005) 36 Cal.4th 1096, 1108 (*Benson*) [part performance]; *Tenzer v. Superscope, Inc.* (1985) 39 Cal.3d 18, 27 [estoppel].) At oral argument, for the first time, Appellants argued they could allege facts sufficient to state partial performance or estoppel. Appellants asserted their rent checks demonstrated part performance of the alleged option contract or estoppel to assert the statute of frauds. These arguments are forfeited because they were not raised in Appellants' briefing. (See *Collins v. Navistar, Inc.* (2013) 214 Cal.App.4th 1486, 1508, fn. 8 [arguments may not be raised for the first time at oral

argument]; accord, *New Plumbing Contractors, Inc. v. Nationwide Mutual Ins. Co.* (1992) 7 Cal.App.4th 1088, 1098.)[3]

But even considering these new allegations on the merits, Appellants fail to explain how payment of rent pursuant to their lease demonstrates partial performance or estoppel should apply as against Wilmington.  (See *Redke v. Silvertrust* (1971) 6 Cal.3d 94, 101 [estoppel applies where "one party has been induced to make a serious change of position in reliance on the contract or where unjust enrichment would result if a party who has received the benefits of the other's performance were allowed to invoke the statute [of frauds]"]; *Benson, supra,* 36 Cal.4th at p. 1109 ["to constitute part performance, the relevant acts must 'unequivocally refer[]' to the contract [citation], or 'clearly relate' to its terms"].)

As to Appellants' allegations that they were bona fide tenants under the PTFA, that federal law did not validate the alleged option to purchase because the PTFA merely permits tenants "to continue as tenants under a bona fide lease for the

---

[3]     Although this Division has recognized that a plaintiff may assert new allegations to state a claim and cure legal defects for the first time on appeal (see, e.g., *Sierra Palms Homeowners Assn. v. Metro Gold Line Foothill Extension Construction Authority* (2018) 19 Cal.App.5th 1127, 1132), an appellant is not excused from the duty to assert all arguments in his or her appellate briefing, supported by authority and record citations. (See *id.* at p. 1136; see also Cal. Rules of Court, rule 8.204(a)(1)(B), (C); accord, *Wall Street Network, Ltd. v. New York Times Co.* (2008) 164 Cal.App.4th 1171, 1177 ["Generally, appellants forfeit or abandon contentions of error regarding the dismissal of a cause of action by failing to raise or address the contentions in their briefs on appeal."].)

remainder of the lease's term." (*Nativi, supra*, 223 Cal.App.4th at p. 311.) Appellants' oral option to purchase is unenforceable under the statute of frauds, and thus the sustaining of the demurrer was proper because the complaint failed to state a claim. (See *Siskiyou Hospital, Inc. v. County of Siskiyou* (2025) 109 Cal.App.5th 14, 38 ["""We affirm [the judgment] if any ground offered in support of the demurrer was well taken . . . . We are not bound by the trial court's stated reasons, if any, supporting its ruling; we review the ruling, not its rationale."""].)

In their opening brief, Appellants argue that, even if the FAC did not state a claim, the trial court abused its discretion by denying leave to amend. The trial court did not abuse its discretion. As an initial matter, after the trial court sustained the demurrer to the original complaint, the court gave Appellants leave to amend concerning theories that were not litigated in the unlawful detainer judgment, which was in force at that time. When the FAC again asserted claims relying on the PTFA, the court did not abuse its discretion by denying leave to amend. "'Leave to amend further is properly denied when a plaintiff fails to amend to correct defects on the basis of which special demurrers to a previous complaint were sustained.'" (*Reynolds v. Bement* (2005) 36 Cal.4th 1075, 1091, abrogated on a different ground by *Martinez v. Combs* (2010) 49 Cal.4th 35, 66; see *Hardy v. Admiral Oil Co.* (1961) 56 Cal.2d 836, 842 [where a party has "ample notice of the defective state of its pleadings, yet had repeatedly failed to remedy such defects, the trial court cannot be said to have abused its discretion" by denying leave to amend].)

Appellants also assert in their appellate brief that "based on principles of property law[,] . . . [Wilmington] had either actual

or constructive notice of the right to repurchase when they took possession of the property" and "thus acquired the property subject to the right to repurchase." (See, e.g., *Claremont Terrace Homeowners' Assn. v. United States* (1983) 146 Cal.App.3d 398, 408 ["an option to purchase, as a covenant running with the land, is valid against a subsequent purchaser who takes with notice of the option"].) Appellants also argue they could allege "a constructive trust claim" because "the property should be subject to a constructive trust based on Appellants' right to the property and [Wilmington's] wrongful acquisition or detention."

Even considering these proposed amendments, as with the rent checks raised for the first time at oral argument, Appellants would still fail to state a cause of action because their alleged option remains void under the statute of frauds. (See *Milligan v. Golden Gate Bridge Highway & Transportation Dist.* (2004) 120 Cal.App.4th 1, 8 [affirming sustaining of demurrer because even assuming "that the amendments proposed [a]re sufficient[,] . . . appellant's cause of action fails for another reason"].) Without alleging facts sufficient to demonstrate they have an enforceable property interest, Appellants cannot state a claim for breach of contract, breach of a covenant, quiet title, or constructive trust. (See *Reeder v. Specialized Loan Servicing LLC* (2020) 52 Cal.App.5th 795, 801 ["unenforceable" agreement under statute of frauds did not "state a cause of action for breach of contract"]; *Higgins v. Higgins* (2017) 11 Cal.App.5th 648, 659 [constructive trust requires "a specific, identifiable property interest" and "the plaintiff's right to the property interest"]; *Preciado v. Wilde* (2006) 139 Cal.App.4th 321, 326 [quiet title plaintiff must "'prove his title in order to recover'"]; *Gaggero v. Yura* (2003) 108 Cal.App.4th 884, 894 [covenants on land "are

15

subject to the statute of frauds and must be in writing in order to be enforceable"].)

Appellants have not met their burden to show "a reasonable possibility [they] could cure the defect with an amendment" (*Schifando, supra*, 31 Cal.4th at p. 1081), and thus the trial court did not abuse its discretion by denying leave to amend.[4] (See *Reeder*, at p. 805 [affirming sustaining of demurrer without leave to amend, where "plaintiff has not shown how he can amend to cure the defects in the complaint" by "show[ing] the oral agreement was not subject to the statute of frauds"].)

## DISPOSITION

The judgment of the trial court is affirmed. Wilmington is to recover its costs on appeal.

MARTINEZ, P. J.

We concur:

FEUER, J.                                    STONE, J.

---

[4] In light of our ruling, we need not address Wilmington's other arguments, including that Appellants' claims are moot and "the purported option cannot be enforced against Wilmington because Wilmington transferred title to the Property to [a] non-party." Accordingly, we deny as unnecessary Wilmington's request for judicial notice of the recorded deed transferring title to the property.

16